## ATTORNEYS' FEES UNDER AN ALLEGED CONTRACT.

Circuit Court of Hamilton County.

M. F. GALVIN ET AL V. JULIA B. GAUSSEN.

Decided, December 5, 1908.

*Attorneys' Fees—Alleged Contract for Services—Proof Fails to Establish Contract—Accord and Satisfaction—Unprejudicial Errors.*

In an action for recovery for services by attorneys under a contract, there can be no recovery where the proof tends to show that no contract was entered into, and that the defendant sent to the plaintiffs a check for a substantial amount, having upon it "in full for all claims or demands for service rendered to date," which check was endorsed and collected by the plaintiffs.

*J. D. Creed,* for plaintiff in error.
*W. T. Porter,* contra.

SMITH, J.; SWING, P. J., and GIFFEN, J., concur.

From an examination of the evidence and the entire record in this case, we are of opinion that the judgment of the court below should be affirmed.

As we view the case, it was an action to recover for services claimed to have been rendered by the plaintiffs in error and items of cash paid out by them for the defendant in error under a certain contract between the parties. Defendant in error denied this contract and set up payment in full.

The evidence at the trial showed the amount claimed was disputed, and a check was given by the defendant for a less amount than was claimed, the check having upon it "in full for all claims or demands for services rendered to date."

The contentions of both sides were fairly left to the jury and we find no error committed by the court either in its general charge or in giving the special charge asked by the defendant or in refusing charge number three asked by the plaintiffs in error.

The other errors complained of by plaintiffs in error as to the court declining to notice alleged misconduct of attorney for the defendant in error, if there was such misconduct, and refusing to eliminate certain testimony offered in the case relative to the suit involving the constitutionality of the Harrison Avenue Viaduct Act, if errors at all, we do not think were prejudicial.

The question was, what was the contract between the parties, if there was a contract, and, second, was the matter in dispute settled between them and payment made in full?

We think the proof showed that the matters in dispute between the parties had been settled and under the law the payment of the $300 by the defendant to the plaintiffs would discharge the defendant.

Judgment is affirmed.